IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN L. PERDUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04CV799-M |
| | ) | [WO] |
| C. HAGER & SONS HINGE MFG., | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

Following the defendant's Motion To Exclude Plaintiff's Proposed Expert Witness, filed on 10 May 2005 (accompanied by a memorandum of law) (Docs. # 30, 31), the court entered an order on 11 May 2005, directing the plaintiff, John Perdue ["Perdue"] to show cause why the motion should not be granted (Doc. # 34). The plaintiff filed his response on 17 May 2005 (Docs. #37). The defendant, C. Hager & Sons Hinge Mfg. Company ["Hager Hinge"] filed a reply brief on 19 May 2005 (Doc. # 38). Upon consideration of the aforementioned pleadings, and for good cause, the court concludes that the motion should be denied.

**I. DISCUSSION**

In its motion, premised upon Rules 37(b)(2)(B) and (c)(1) of the ***F. R. Civ. Pro.***, Hager Hinge requests the court to exclude testimony from Daniel J. Svyantek ["Svyantek"] as an expert witness because Perdue failed to comply with the court's Scheduling Order

(Doc. #21) and Rule 26(a)(2)(B) by not producing his proposed expert's report and the information upon which the expert relied.

Rule 37 (b)(2)(B) provides, in pertinent part, that:

> (2) [i]f a party . . . . fails to obey an order to provide or permit discovery . . .or if a party fails to obey an order entered under Rule26(f), the court . . . may make such orders in regard to the failure as are just, and among others the following:
>
> (B)An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

The pertinent provision of the Scheduling order provides:

> **SECTION 8.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:
>
> From the plaintiff(s) -- on or before 12 April 2005.
>
> From the defendant(s) -- on or before 12 May 2005.
>
> The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

It is undisputed that the plaintiff did not disclose its expert witness to the defendant on or before 12 April 2005 nor request an extension by that date.

It is clear, however, from the court's review of the parties' submissions that the parties have had discovery disputes that, in spite of their attempts at reconciliation, they could not resolve. Those disputes have apparently led to delays by both parties in the submission of discovery responses. For example, the parties consumed considerable time in agreeing to

submit a stipulation of confidentiality on 9 May 2005 (Doc. # 29) for the court's signature. In summary, there appear to be bases, not unreasonable in their origin or scope, why the parties have not made full disclosure to each other, consistent with Section 8 of the Scheduling Order.

The court concludes that an extension of deadlines would facilitate judicial administration of this case and provide the parties with needed time to prepare for trial. To facilitate the parties' compliance with this order, the court has also entered on this date an order resolving the plaintiff's Motion to Compel.

## II.   CONCLUSION

Accordingly, it is

ORDERED that the Motion to Exclude Plaintiff's Expert Witness (Doc. # 30) is DENIED.

DONE this 30th day of June, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE