IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN L. PERDUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04CV799-M |
| | ) | [WO] |
| C. HAGER & SONS HINGE MFG., | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

On 10 May 2005, the plaintiff, John Perdue ["Perdue"], filed a Motion To Compel Discovery (Doc. # 33). The court entered an order on 11 May 2005 directing the defendant to show cause why the motion should not be granted (Doc. # 35), and the defendant responded on 17 May 2005 (Doc. # 36).

The plaintiff complains that the defendant failed to file sufficient responses to his First Set of Interrogatories and Request For Production of Documents served on 3 February 2005. The defendant responded, with objections, on 7 March 2005.

For the reasons that follow, and upon consideration of the parties' pleadings, the court concludes that the motion should be GRANTED in part and DENIED in part.

**I. DISCUSSION**

Perdue filed this lawsuit against the defendant on 25 August 2004 "to redress the unlawful discriminatory conduct and employment practices of Defendants." (Doc. # 1).

Perdue contends, inter alia, that the defendant terminated him from employment "based, in whole or in part, upon his religion in violation of Title VII of the Civil Rights Act of 1964, as amended", and that they maintained "a hostile work environment in which he was harassed because of his religious beliefs" and his "expression of his religious faith" (Doc. # 1).

### A.     *Interrogatory No. 6*

In this request, Perdue requested that the defendant "identify by name, address, and telephone number all employees or applicants for employment that [sic] have made a complaint within the last ten (10) years alleging that the Defendant discriminated against the employee or applicant and for each such person describe the allegations of discrimination complained about". Defendants objected on the grounds of overbreadth, undue burden, and non-relevance. The court agrees with the defendants.

Perdue's claim is limited to discrimination based on religion; his request is not. The parties may not  - and the court cannot -  infer an intent to discriminate on one ground because of evidence of discrimination on another. Moreover, a requirement that the defendant research personnel files for 10 years is overly broad. The defendant's objection is therefore SUSTAINED. The plaintiff may re-serve a narrower interrogatory; however, the court is mindful of defendant's representation that "there have been no claims or lawsuits of religious discrimination against Hager Hinge" except for the plaintiff's (Exhibit A to the Motion To Compel).

B.   *Interrogatory No. 11*

For the same reasons cited in Section A, the defendant's objection is SUSTAINED. The plaintiff may re-serve a narrower interrogatory.

C.   *Interrogatory No. 12*

For the same reasons cited in Section A, the defendant's objection is SUSTAINED. The plaintiff may re-serve a narrower, more well-fined interrogatory, designed to secure relevant information and admissible evidence. The court ADVISES the plaintiff, however, that, to manage the burden of production, it will not compel the defendants to provide responses to subsections "c" and "d", because responses to "a" and "b" will lead to the latter information.

D.   *Request For Production No. 11*

The anti-discrimination training provided to the named employees is relevant, and perhaps probative of some of the issues in this case, including issues arising under claims and defenses. Accordingly, the defendant's objection is OVERRULED. There is nothing "confidential" about the training provided to employees.

E.   *Request For Production No. 17*

"Any and all performance evaluations, reviews, reports, statements or other written documents" that measure, rate or evidence the job performance of five selected Hager Hinge employees is far too broad a category for a request in this litigation, given Perdue's

allegations. The defendant's objection is SUSTAINED.

### F.   *Request For Production No. 21*

This request is similarly overbroad. Moreover, because it requests photographs and "physical evidence", it borders on a request for confidential information.

## II.   CONCLUSION

This order should not be construed as the court's finding that none of the information requested is relevant. Rather, Perdue has framed his requests too broadly and without adequate regard for the claims and defenses in this case. Because the parties have previously conferred regarding discovery matters, the court is confident that they can and will again confer and resolve their disputes. In the meantime, it is ORDERED as follows:

1. The plaintiff's Motion to Compel (Doc. # 330) is GRANTED in part and DENIED in part.

2. The defendant's objections to interrogatories numbered 6, 11, and 12 are SUSTAINED.

3. The defendant's objection to requests for production numbered 11 is OVERRULED, and the defendant is DIRECTED to serve its responses upon plaintiff's counsel on or before 8 July 2005.

4. The defendant's objections to requests for production numbered 17 and 21 are SUSTAINED.

5.  On or before 8 July 2005, the defendant is DIRECTED to reduce to a signed and notarized response all of its previous representations to plaintiff's counsel regarding information or documents that it has or can produce (e.g., its representation regarding prior lawsuits alleging discrimination, etc.).

The court has issued a companion order on this date which extends the pretrial deadlines in this case. For this reason especially, the parties are WARNED to manage their pretrial disputes without further judicial intervention. The discovery motions filed in this litigation to date indicate a likelihood that counsel for the parties may not have engaged in good faith discovery requests.

Because this court - like all federal courts - considers many pressing substantive matters on a daily basis, it is imperative that counsel exercise due diligence (1) to make only reasonable and necessary discovery requests; (2) to avoid discovery disputes, especially those that are foreseeable; (3) to communicate promptly and directly with each other when differences surface; and (4) to cooperate as Officers of the Court with each other and with the court in the resolution of discovery disputes.

In the interest of preserving already-scarce litigation resources for everyone, counsel are advised to apply a conciliatory - rather than an adversary - approach to the resolution of their discovery disputes. Their failure to do so will invite this court's consideration of sanctions upon the offending party or counsel. The parties are further reminded that the Court of Appeals has upheld the award of sanctions against a law firm and its client for discovery abuses. See ***BankAtlantic v. Blythe Eastman Paine Webber, Inc.***, 12 F.3d 1045 (11th Cir. 1994); ***Pesaplastic, C.A. v. Cincinnati Milacron Co.***, 799 F.2d 1510 (11th Cir. 1986). ***See also***

***Levin & Associates, P.A. v. Rogers***, (Nos. 94-4368, 94-4586 and 96-4345), 11th Cir., 9/29/98.

DONE this 30th day of June, 2005.

                                         /s/ Vanzetta Penn McPherson
                                         VANZETTA PENN MCPHERSON
                                         UNITED STATES MAGISTRATE JUDGE