IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN L. PERDUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:04CV799-M |
| | ) | [WO] |
| C. HAGER & SONS HINGE MFG., | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated in the defendant's Memorandum of Law in support of its Motion To Exclude the Testimony of Daniel J. Svyantek, both of which were filed on 9 September 2005 (Docs. # 66, 65, respectively), it is

ORDERED that the motion is GRANTED.[1]  The court has reviewed the defendant's motion and supporting memorandum, the plaintiff's response, filed on 26 September 2005 (Doc. # 71), and the defendant's reply, filed on 3 October 2005 (Doc. # 72), and most critically, the deposition of Daniel J. Svyantek (Exhibits 4A, 4B, and 4C to the plaintiff's response to the motion for summary judgment, Doc. # 63).

The court finds, upon reviewing the aforementioned documents, that Dr. Svyantek is

---

[1] This is the defendant's second attempt to exclude Dr. Svyantek's testimony.  On 10 May 2005, the defendant moved to exclude his testimony because the plaintiff failed to comply with the court's Scheduling Order (Doc. # 21) and with the discovery rules. The basis of the court's order denying the motion, entered on 30 June 2005 (Doc. # 43), was limited to the grounds cited by the defendant.  The instant motion challenges the admissibility of Dr. Svyantek's testimony on the basis that it is not expert testimony at all.

simply not qualified, or, based upon his deposition testimony, not qualifiable, to provide expert testimony on the "customs, norms, standards, and general practices adopted and/or followed in the human resources field with respect to religious discrimination training and prevention of religious harassment/discrimination in the workplace" (Doc. # 71, p. 9). His deposition testimony, particularly his acknowledgments that he has no specialized knowledge in "the law relating to . . . harassment, . . . sexual harassment, racial harassment, [or] harassment on any other protective ground" (Deposition, pp. 36-37); and that he has not focused, in his "training or analysis", upon issues related to religious discrimination or harassment (Deposition, pp. 41-44.

Moreover, having read Dr. Svyantek's deposition, the court concludes that it would not assist the court in understanding the evidence; nor is the testimony based upon "reliable principles and methods".  It is instead based upon an aggregation of books, articles and courses to which Dr. Svyantek has been exposed which do not focus upon religious discrimination in the workplace, and as to which he claims no greater expertise than anyone else similarly exposed (Deposition, pp. 227-228).

Accordingly, because Dr. Svyantek's testimony is inadmissible as expert testimony, it is excluded for purposes of the court's consideration of the motion for summary judgment, and his testimony shall be excluded from the trial of this case.

DONE this 13th day of October, 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE